51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Milton BROWN, Petitioner-Appellant,
v.
UNITED STATES of America; Kenneth Mortisugu, Admiral;
Dennis Harrell, M.D.; Richard N. Lesco, M.D.,
Respondents-Appellees.
 No. 94-55215.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Milton Brown, an inmate at the Federal Correctional Institution at Terminal Island, California ("FCI") sued ten prison officials and doctors alleging inadequate medical treatment for his back problems in violation of the Eighth Amendment. The district court entered an order granting summary judgment in favor of defendant Lescoe, dismissing all remaining defendants from the action, and dismissing Brown's claims against the United States. We affirm.
 
 I.
 
 3
 We review the district court's grant of summary judgment in favor of Dr. Lescoe de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 4
 Brown entered the FCI in 1987 suffering from arthritis, diabetes, excessive weight and back pain. From 1987 to 1989, he was seen regularly by members of Dr. Lescoe's medical staff, who prescribed muscle relaxants, exercise and weight loss. In 1989, he was examined by an outside orthopedic specialist and underwent a laminectomy. Brown filed his original complaint in January 1992.
 
 
 5
 In October 1992, Brown fell and exacerbated his back problems. Dr. Lescoe treated Brown with exercise and muscle relaxants. When these failed to alleviate Brown's pain, Dr. Lescoe ordered that Brown undergo back surgery. Brown subsequently amended his complaint to include the treatment he received preceding and following this surgery.
 
 
 6
 Prison officials violate a prisoner's Eighth Amendment rights if they are deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). See also Whitley v. Albers, 475 U.S. 312, 320 (1986); Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). Brown concedes that Dr. Lescoe did not intend wantonly to cause him pain. He contends, however, that Dr. Lescoe's "incompetence" in treating him meets the deliberate indifference standard. Brown is incorrect. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.
 
 II.
 
 7
 We review the district court's conclusion that it lacks subject matter jurisdiction over Dr. Lescoe's supervisors de novo. Carpenter v. DOT, 13 F.3d 313, 314 (9th Cir.1994). Brown's Eighth Amendment claims against federal officials for monetary damages were made pursuant to Bivens v. Six Unknown Named Agents of Bureau of Narcotics, 403 U.S. 388 (1971). Bivens creates a cause of action only against federal officials who participated directly in the claimed constitutional violation. See id. at 390, n. 2. The district court correctly dismissed Brown's claims against the supervisory officials, who did not provide Brown with medical treatment.
 
 III.
 
 8
 We review the district court's decision to dismiss the United States as a defendant in this action de novo. E.J. Friedman Co. v. United States, 6 F.3d 1355, 1357 (9th Cir.1993). No suit may be brought against the United States unless federal legislation specifically authorizes that suit. United States v. Shaw, 309 U.S. 495, 500-01 (1940). Although Brown served the United States (contrary to the order of the district court) and the United States filed an answer, no federal legislation specifically authorizes this suit. Thus, the district court correctly dismissed Brown's claims against the United States.
 
 IV.
 
 9
 Brown contends that the district court erred by failing to dismiss appellees' untimely response to his First Amended Complaint. The district court referred this case to a magistrate judge, who later transferred the case to another magistrate judge without noting the filing of Brown's amended complaint. After some confusion, the latter magistrate judge corrected the court docket and ordered that appellees answer Brown's First Amended Complaint by January 26, 1993. The United States and Dr. Lescoe filed an answer on February 8, 1993.
 
 
 10
 The magistrate judge allowed the late answer after appellees responded to an order to show cause as to why their answer was not timely filed. We review the decision to accept a late pleading for abuse of discretion. See West Coast Theater Corp. v. Portland, 897 F.2d 1519, 1528 (9th Cir.1990). The magistrate judge did not abuse his discretion in accepting a brief delay in filing.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3